IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION

| | |
|---|---|
| (1) ERIN BOOTH AND <br> (2) JEFFERY BOOTH, <br> Individually and as Representatives of <br> (3) The Estate of J.R.B., Deceased, <br><br> *Plaintiffs*, <br><br> v. <br><br> (1) FISHER-PRICE, INC., <br> (2) MATTEL, INC., <br><br> *Defendants*. | CIVIL ACTION NO. 19-cv-00522-GKF-JFJ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Erin Booth and Jeffery Booth, Individually and Representatives of the Estate of J.R.B., a deceased minor, file this Original Complaint and Jury Demand against Defendants, Fisher-Price, Inc. a foreign corporation and Mattel, Inc., a foreign corporation and in support hereof, Plaintiffs would respectfully show this Court as follows:

### I.
### PARTIES AND JURISDICTION

1. Plaintiffs, Erin Booth and Jeffery Booth are residents of Creek County, Oklahoma and citizens of the State of Oklahoma.

2. Plaintiff, the Estate of J.R.B. was a resident of Creek County, Oklahoma and a citizen of the State of Oklahoma.

3. Plaintiffs Erin Booth and Jeffery Booth are the mother and father of J.R.B.

4. The amount in controversy exceeds $75,000.00.

5. Defendant, Fisher-Price, Inc. ("Fisher-Price") is organized under the laws of the

State of Delaware with its principal place of business at 636 Girard Avenue, East Aurora, New York 14052 and is a subsidiary of Mattel. Defendant Fisher-Price, Inc. can be served through its registered agent: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

6. Defendant Fisher-Price is doing business in Oklahoma.

7. Defendant Mattel is a corporation organized under the laws of the State of Delaware with its principal place of business at 333 Continental Boulevard, El Segundo, California 90245. Defendant Mattel, Inc. can be served through its registered agent: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

8. Defendant Mattel, Inc. ("Mattel") is doing business in Oklahoma.

9. All acts complained of herein were done by Defendants or their authorized agents, and if by Defendants' employees, in the course and scope of their employment, so that Defendants are legally responsible for their agents' or employees' acts.

## II.
## VENUE AND JURISDICTION

10. Venue in this case is proper in the Northern District of Oklahoma, Tulsa Division, under 28 U.S.C.§1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district as set forth below.

11. Jurisdiction in this case is proper under 28 U.S.C.§1332(a)(1) since Plaintiffs and Defendants are citizens of different U.S. states and the amount in controversy is over $75,000, exclusive of interest and costs.

## III.
## FACTUAL BACKGROUND

11. Plaintiffs reallege paragraphs 1 through 10.

12. On May 9, 2016, J.R.B.'s mother and father placed J.R.B. in the Rock n' Play infant sleeper after breastfeeding.

13. The Rock 'n Play is an inclined sleep product intended for infants.

14. The Rock 'n Play was first introduced to the U. S. market by Fisher-Price and Mattel in 2009.

15. The Rock 'n Play includes a folding frame with a fabric hammock.

16. The Rock 'n Play was designed to rock forward and back.

17. The Rock 'n Play was advertised and marketed as safe for infant sleeping.

18. A few hours after J.R.B. was placed in the Rock 'n Play, Plaintiffs checked on J.R.B. and discovered J.R.B. unresponsive in the Rock 'n Play and cold to the touch.

19. At 4:21 a.m. five-day old J.R.B. was pronounced dead by emergency personnel.

20. An autopsy was performed on J.R.B and the cause of death was "positional asphyxia."

## IV.
## COUNT I - STRICT PRODUCT LIABILITY

21. Plaintiffs reallege paragraphs 1 through 20.

22. Defendants designed, manufactured, tested, inspected, warranted, marketed, distributed and sold the subject Rock 'n Play.

23. Defendants designed, manufactured, tested, inspected, warranted, marketed, distributed and sole the subject Rock 'n Play and/or its component parts.

24. At the time of J.R.B.'s death, the subject Rock 'n Play was defective and unreasonably dangerous and unfit for its intended uses and purposes because of its design, manufacture, testing, inspection, warranty, marketing, and/or warning, and hence suffered from design, manufacture, marketing and/or warning defects.

25. J.R.B.'s death occurred as a direct and proximate cause of the defects in the subject Rock 'n Play.

## V.
## COUNT II - NEGLIGENCE

26. Plaintiffs reallege paragraphs 1 through 25.

27. Defendants negligently designed, manufactured, tested, inspected, marketed, warned about, distributed, repaired, maintained, prepared, installed and/or sold the subject Rock 'n Play.

28. Defendants negligently failed to timely recall the product despite knowledge of its defective and unreasonably dangerous condition.

29. Defendants negligently failed to warn the buyers including the Plaintiff regarding the risks and dangers associated with this product.

30. The death of J.R.B. was a direct and proximate result of the negligence asserted above and the proximate cause of damages to the Plaintiffs.

## VI.
## DAMAGES

31. Plaintiffs reallege Paragraphs 1 through 30.

32. Defendants' wrongful acts complained of herein caused permanent wrongful death injuries to Plaintiffs Erin Booth and Jeffery Booth all due to the death of J.R.B. These damages include but are not limited to:

   a. The loss of J.R.B.'s love, affection, companionship, and destruction of the parent/child relationship since his wrongful death and in the future.

   b. The pain, grief, suffering, sorrow, anguish, stress and shock already

experienced, and reasonably probable to be experienced in the future, due to the wrongful death of J.R.B.

c. The reasonable expenses for the funeral and burial of J.R.B.

## VII.
## PUNITIVE DAMAGES

33. Plaintiffs adopt and incorporate by reference each and every allegation contained hereinabove and further state:

34. Defendants acted in reckless disregard of the rights of others and/or acted intentionally and with malice towards others.

35. In addition to the individual damages sustained by Plaintiffs as a result of the death of their child, Defendants' actions should be punished as a result of the following:

   a. The seriousness of the hazard to the public arising from Defendants' misconduct;

   b. The profitability of the misconduct to the Defendants;

   c. The degree of the Defendants' awareness of the hazard and of its excessiveness;

   d. The attitude and conduct of the Defendants' upon discovery of the misconduct or hazard; and

   e. The financial condition of the Defendants.

36. Additionally, there is clear and convincing evidence that the Defendants were guilty of reckless disregard for the rights of others.

37. There is also clear and convincing evidence that the Defendants have acted intentionally and with malice towards others. Plaintiffs would request the Court find, on the record and out of the presence of the jury that there is evidence beyond a reasonable doubt that the

Defendants acted intentionally and with malice and engaged in conduct life-threatening to humans and that the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, award punitive damages in any amount the jury deems appropriate, without regard to any limitations.

## VIII.
## JURY DEMAND

38. Plaintiffs respectfully request that a jury be impaneled to decide the factual issues of this case.

## IX.
## PRAYER

WHEREFORE, Plaintiffs are entitled to judgment in their favor against Defendants, for the following relief:

   a. Money damages sufficient to fully and fairly compensate Plaintiffs and statutory beneficiaries for their losses and damages;

   b. Punitive damages;

   c. Legal costs; and

   d. Such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

_____
Chad E. Ihrig
OK Bar No. 19491
**NIX PATTERSON, LLP**
3600 N. Capital of Texas Hwy
Bldg. B, Ste. 350
Austin, TX 78746
cihrig@nixlaw.com
Tel.:  512.328.5333
Fax:  512.328.5333

Neil Smith
Oklahoma Bar No. 32936
**NIX PATTERSON, LLP**
1845 Woodall Rodgers Fwy, Suite 1050
Dallas, TX  75201
972-831-1188
Neilsmith@nixlaw.com

**Todd H. Ramsey**
Oklahoma Bar No. 19733
**Andrew L. Payne**
Oklahoma Bar No. 22818
**PAYNE MITCHELL LAW GROUP**
3500 Maple Avenue, Suite 1250
Dallas, Texas  75219
Telephone:   (214) 252-1888
Telecopier:   (214) 252-1889
andy@paynemitchell.com
todd@paynemitchell.com

**ATTORNEYS FOR PLAINTIFFS**